WALTER *against* DEWEY.

*Where rent is payable either in money or kind, and the lease, is silent as to the place of payment, a tender of the rent, by the lessee, upon the land, is good, and he is not bound to make a tender to the person of the lessor.*

*Where rent was reserved, payable in book accounts, warranted good for collection, and then due in cash, in an action for the rent, the defendant pleaded that he was at the premisses during three hours next before the setting of the sun, and at the setting of the sun, on the day of payment, ready to pay, and offered to pay the rent, but neither the plaintiff nor any person on his behalf was there ready to receive it; and the plea concluded by averring the defendant's readiness to pay, and bringing the book-accounts into court. Held, that the plea was sufficient in point of form, though it seems unnecessary to allege the bringing the book accounts into court, and that it was proper to conclude with a prayer of judgment generally, and not of judgment whether the plaintiff ought to have or maintain the action, to recover further damages than those which were admitted to be due.*

THIS was an action of covenant. The declaration stated, that on the 7th of *June*, 1815, at *Homer*, in the county of *Cortland*, by an agreement under seal, between the parties, bearing date on that day, the plaintiff agreed to let to the defendant, his half of the clothier's shop, tools, fulling mill, privileges, &c. in which the parties had previously been partners, for the term of three years, from the 5th of *October*, 1815, for the sum of 900 dollars, to be paid by the defendant in the following manner: viz. 300 dollars, by the 15th of *March*, 1816; 300 dollars by the 15th of *March*, 1817, and 300 dollars by the 15th of *March*, 1818, and to be paid in book accounts which the defendant would warrant to be good for collection, and which should be then due in cash, and that the defendant, on the said 5th day of *October*, 1815, entered, and was possessed, &c. The breaches assigned were, 1. The non-payment of the sum of 300 dollars, on the 15th of *March*, 1816; and, 2. The non-payment of the like sum, on the 15th of *March*, 1817, in book accounts warranted by the defendant to be good for collection, and which were then due in cash.

The defendant pleaded, 1. As to the first breach, *solvit ad diem* in book accounts, &c. concluding to the country.

2. As to the same breach, *solvit post diem* in book accounts, &c.

3. As to the second breach, *solvit ad diem* in the same manner as in the first plea.

4. Which was also to the second breach, that the defendant was present at the clothier's shop and fulling-mill, on the 15th of *March*, 1817, being the day on which the sum of 300 dollars became due and payable, for a long space of time, to wit, for the space of three hours next before the

NEW-YORK,.
May, 1819.

WALTER
v.
DEWEY.

setting of the sun on the same day ; and also at the setting of the sun on the same day ; and during all the time aforesaid, was there ready to pay, and offered to pay the sum of 300 dollars to the plaintiff, in book accounts warranted to be good for collection, and which were then due in cash ; but that neither the plaintiff, nor any other person on his behalf, was there ready to receive the same : and that he, the defendant, ever has been and still is ready to pay, &c. and now brings the said sum of 300 dollars in book accounts, as aforesaid, here into Court, ready to be paid to the plaintiff, if he will accept the same, praying judgment whether the plaintiff ought to have or maintain his action, &c.

5. The fifth plea, which was also pleaded to the second breach was the same as the fourth, with the omission of the bringing the book accounts into court.

6. The sixth plea was also to the same breach, and alleged that on the 15th of *March*, 1817, at *Homer*, in the county of *Cortland*, the defendant was ready and willing to pay, and offered to pay, the sum of 300 dollars, &c. to the plaintiff: but that neither the plaintiff nor any other person on his behalf, during the said time, or any part thereof, was then ready to receive the same : and the plea concludes by averring his readiness to pay, and bringing the book accounts into court, as in the fourth plea.

The plaintiff replied, taking issue on the second plea, and demurred generally to the fourth, fifth, and sixth pleas. The defendant joined in demurrer.

The cause was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. The grounds of the demurrers are, 1. That the facts pleaded do not amount to a tender, and are not a sufficient avoidance or excuse for the non-performance of the covenants. 2. That the pleas are not issuable.

The pleas I consider correct, in point of form, and they are taken from 2 *Chitty Pl.* 499. The question arising on them is this : whether the rent was payable on the premises, or whether the lessee was bound to seek the lessor, and tender the accounts. It is a well settled principle, as to rent, payable in money or kind, that where the contract is

NEW-YORK, silent as to the place of payment, a tender on the land is
May, 1819. good, and it is not required of the lessee to make a tender
WALTER to the person ; and the reason is, that rent issuing out of the
v. land, savours so far of the realty, that it is payable on the
DEWEY. leased premises. (*Bacon, title Tender*, 6, 7, 8, 9. 1 *Co.
Inst.* 210. *Woodfall*, ch. 10. s. 2. 268.) The precedent
found in *Chitty* averring a readiness to pay on the land
leased, relates to rent payable in money.

The conclusions of the pleas demurred to vary from the
precedent in this, that the latter not only states the bringing
the money into Court to be paid to the plaintiff, but it prays
judgment, whether the plaintiff ought to have or maintain
his action to recover any more or greater damages than the
money admitted to be due ; thus, in effect, protecting the
defendant from all damages and costs. In the 4th plea de-
murred to, there is an offer to pay according to the cove-
nant, and the accounts are stated to be brought into Court,
though I think it unnecessary in such a case to make a pro-
fert. The pleas could not conclude as in the precedent,
for no judgment can be given to recover the sum stipulated
to be paid in accounts against other persons. What is to
be the effect of a readiness to pay on the day, and a neglect
to make the demand need not be considered in this case.

Judgment for defendant, with leave to the plaintiff to
amend, on payment of costs.