Ordered accordingly

## VAN RENSSELAER *vs.* JONES.

A reservation upon a grant in fee of " one day's service with carriage and horses," (that, with the other rent, being made *payable* on a particular day in each year,) is legal. It is not void for uncertainty.

The place of rendering the service is not necessarily on or near the land, but wherever the landlord shall require it to be done.

COVENANT, by the devisee of the grantor against the assignee of the grantee, upon a grant in fee reserving rent payable in wheat, &c. and in services. The cause was tried at the Albany circuit, in February, 1845, before PARKER, Cir. J.

The plaintiff proved a conveyance in fee from Stephen Van

Rensselaer, now deceased, to Samuel West, dated 25th September, 1793, of a lot of land in the manor of Rensselaerwick, containing one hundred and fifty acres. The *reddendum* clause was as follows: "Yielding and paying therefor yearly and every year, during the continuance of this grant, unto the said Stephen Van Rensselaer, his heirs and assigns, the yearly rent of thirty skipples of good, clean, merchantable winter wheat, and four fat fowls, (to be delivered at the now mansion house of the said Stephen Van Rensselaer, in the town of Watervliet, unless specially directed by the said Stephen Van Rensselaer, his heirs, executors, administrators or asssigns, to be delivered at some other place not more than one mile distant, from the said mansion house, on the spot on which it is now erected,) and perform one day's service with carriage and horses; the first payment to be made in the year of our Lord one thousand seven hundred and ninety-seven, and thereafter in and upon the second day of January, in each year." The grantee covenanted to pay the rent "at the days and times and in the manner aforesaid." The plaintiff proved the devise by Stephen Van Rensselaer of the estate and the rent to himself, and the death of the testator in January, 1839; and that the defendant had been in possession of the south half of the lot, claiming to hold under the lease since the year 1824. A witness for the plaintiff had computed the amount of the rent for four years, to the second day of January, 1843. In his estimate he reckoned the day's service at $2, and charged the defendant with half of it, $1, and including in the aggregate four dollars on account of the day's service.

The defendant's counsel objected to the testimony respecting the day's service, on the ground that it was void for uncertainty; the description of carriage and the number of horses not being specified nor where such services were to be performed; and also "that such services must be required on or near the premises liable for the services, and that there was no proof that the same were required by the plaintiff *there* to be rendered by the defendant." Other objections were made to the recovery, but they were all overruled by the circuit judge, and

the defendant excepted. The judge charged the jury that the plaintiff was entitled to recover, and that the defendant was liable to pay for the non-performance of the services as well as for the rent payable in property. The defendant again excepted. Verdict for the plaintiff.

*H. Z. Hayner*, for the defendant, moved for a new trial. Among other points he insisted that the reservation of a day's service was void for uncertainty. It was uncertain whether this service was to be performed annually or only once during the continuance of the estate. No place of performance was indicated, nor what kind of carriage, or how many horses were required; nor was it clear whether the landlord's or the tenant's horses were to be used. It was also uncertain as to the time of performance, or whether the time was to be at the option of the landlord or the tenant. He also insisted that the services could only be required on or near the premises granted, and that the defendant should have had notice that he was required to perform them there.

*D. McMartin & D. Buel*, for the plaintiff.

*By the Court*, WHITTLESEY, J. All the questions arising on the bill of exceptions were disposed of on the argument except the one in regard to the day's service with carriage and horses. In the conveyance under consideration the lessor reserved and the lessee agreed to pay as rent a certain quantity of wheat, a certain number of fowls, and, in addition, to perform certain services with carriage and horses. The plain meaning of the last clause is, that the tenant as part payment for the use of the land is to perform certain work for the lessor with horses and wagon; it is simply an agreement to do a day's work with a team; an agreement perfectly lawful to make, and not derogatory to any freeman to perform. Neither is the agreement void for uncertainty in the sense of the objection taken by the defendant's counsel. A day's work with two horses and any kind of carriage or wagon ordinarily used

with two horses would satisfy the covenant.  It seems to me very clear from the instrument that the day's service with carriage and horses was intended as a part of the rent reserved and agreed to be paid, and that the time of performance of this service was fixed by the instrument on the second day of January in each year.

While the *time* of performance of this service is fixed by the lease, I am not so clear that the *place* of such performance is so definitely fixed by that instrument.  In regard to the place of the delivery of the wheat and fowls, it is made certain by a sentence in the lease embraced in a parenthesis, preceding the provision in relation to the service with carriage and horses; and it is the prevailing impression on my mind that taking the whole instrument together, it cannot by fair construction be held to fix upon the *place* for performing the service with carriage and horses.  If the instrument designates no place for the performance of such service, what place does the law determine is proper for its performance, and how is the place of performance to be determined ?  The defendant claims by his objection taken at the trial, that the place of performance of such service is on or near the premises liable for such services; and as there was no proof that performance at such place was required of the defendant, he insists that the plaintiff was not entitled to recover for its value.  In contracts for the payment or delivery of specific articles of personal property, where no particular place of payment is fixed by the contract itself, the cases seem to conflict as to the proper place of payment or delivery.  According to some cases the debtor must seek the creditor and tender or offer to perform, taking the articles with him if portable, and if not, asking the creditor to fix the place where he will receive them.  (*Roberts* v. *Beatty,* 2 *Penrose & Watts' Rep.* 63; *Munger* v. *Pritchetts,* 3 *Dev. Rep.* 78; *Bixby* v. *Whiting,* 5 *Greenleaf's Rep.* 192; *Chipman on Cont.* 25.)  Other cases seem to require the creditor to make the demand at the abode or place of business of the debtor. (*Lobdell* v. *Hopkins,* 5 *Cowen's Rep.* 516; *Chip. on Cont.* 49.) For other cases on the subject see also *Chitty on Contracts,*

Van Rensselaer *v.* Jones.

727, *A, note ; 2 Cowen's Treat.* 254; 3 *Kent's Com.* 505, *et seq.(a)*

Whatever may be the rule in relation to contracts in general, it is held that rent, whether payable in money, in produce issuing out of the land, or in any other article, no place of payment being fixed by the lease, is properly payable on the demised premises. ( *Walter* v. *Dewey,* 16 *John. Rep.* 222 ; *Hunter* v. *Le Conte,* 6 *Cowen,* 728 ; 2 *Cowen's Treat.* 254.) The reason given for this is, that rent issuing out of the land savors so much of the realty that it is payable on the leased premises. The defendant's counsel seeks to apply this rule to the day's service with horses and carriage ; but it is quite clear that in a lease in fee this service for the lessor cannot be performed on the leased premises, or is not contemplated to be performed at that place. The reason of the rule does not apply to this case ; and as the land demised is not necessarily the place of performance, the defendant's objection that the proof did not show that performance on or near the premises was required, cannot be sustained. In my view it was necessary for the lessor to point out the place of performance and make a special demand of performance at such reasonable place, before he could maintain this action. And if the objection of the defendant had been that no such demand of performance had been made, I should have felt constrained to have sustained it. But the objection taken was too narrow to cover this ground ; it went only to an omission to require performance on or near the demised premises ; and if a demand of performance at any other proper place was necessary and would have been sufficient, we are bound under this bill to suppose that such demand was made. The motion for a new trial must therefore be denied.

New trial denied.

*(a)* See also *Rice* v. *Churchill,* (2 *Denio,* 145.)