[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 82 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 83 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 84 
The defendant's proposition upon the motion for a nonsuit was that under the provisions of the lease declared on, the plaintiff could not recover any thing without proving that he had directed the defendant to pay at one of the two places named in the covenant. This is the first and most important question we are called upon to examine in this case.
The decision of this court in Livingston v. Miller did not touch the question, although Mason, J. in his opinion discusses it and expresses his own opinion upon it. The court held that the pleadings had made material the issue whether the plaintiff had designated a place for the payment of the rent, and did not pass upon the question in this case.
Van Rensselaer v. Jones, (5 Denio, 449,) also leaves the question undecided. Whittlesey, J. it is true, says that in his view it was necessary for the lessor to point out the place of performance of the days' service with carriage and horses and make a special demand of performance, before he could maintain his action, but he also thought that the objection taken at the trial was too narrow to raise that point, and so concluded that a new trial should be denied. It is evident, however, from the preceding case of Van Rensselaer v. Gallup (5 Denio, 454,) that neither of his brethren concurred in the view which he had expressed as to the necessity of a demand. In the last named case, the lessor's executors had succeeded at the trial. Beardsley, Ch. J., while he thought a new trial ought to be granted upon the ground that an error had been committed as to the rule by which the rent had been apportioned on the trial, said that no demand of the days' service was requisite, and that it should have been performed on the day named in the lease for the payment of the rent, and McKissock, J. concurred with him; Whittlesey, J. differed with his brethren as to the apportionment, but adhering to the opinion which he had expressed in the *Page 85 
other case as to the necessity of a demand, on that ground was also for a new trial. The point has, however, been substantially decided in two earlier cases in the supreme court, Lush v.Druse, (4 Wend. 313,) and Remsen v. Conklin, (18 John. 448.) In the first of these cases, the rent reserved was 18¼ bushels of wheat, to be delivered annually on the first day of February in each year, at such place in Albany as the lessor, his heirs or assigns should appoint. It was objected that it was incumbent on the plaintiff to show an appointment of a place in the city of Albany for the delivery of the wheat and notice thereof to the defendant. But the court held that it was the duty of the lessee to have called on the lessor to know where he would have the wheat delivered, and to have delivered it accordingly, and that if the lessor could not be found, still the wheat must be delivered in Albany, and intimated that under those circumstances any place in Albany would probably have been sufficient. In the other case the covenant was substantially the same, and the question arose upon demurrer to a plea denying that the plaintiff had appointed a place in the city of Albany for the payment of the rent. The court gave judgment against the plea, holding that in an action of covenant for rent, it was not neceesary that there should be a demand though the rent was in terms payable on demand. They advert also to the settled distinction between an action for the rent and a proceeding by the lessor with a view to the forfeiture of the tenant's estate, in which there must be a demand of the exact amount of the rent, at the proper time and place, although no such thing is necessary in an action to recover the rent. In these two cases, however, the court took different views as to the place where the rent was to be paid in the absence of an appointment by the lessor; Ch. J. Spencer being of opinion that in the absence of any appointment the rent was payable or to be tendered upon the land, and Ch. J. Savage in the latter case, thinking that it was payable or to be tendered any where in the city of Albany. That point, however, did not arise in either of the cases, as no tender or attempt to tender was shown in either. It was argued *Page 86 
that these cases were distinguishable from the one at bar upon the ground that they fixed a place of payment, Albany, and that the lessor's election was therefore less necessary than an election in the case at bar. I think there is nothing in this distinction. Albany merely fixes the territorial limits within which the lessor might designate the place of delivery, but within the city his power of designation was uncontrolled. In the case at bar it appears from the lease, that lot No. 3 is in the county of Columbia, and then the rent is deliverable within that county, either at the North river or within lot No. 3. The place for actual delivery is no more uncertain in the one case than in the other.
I am inclined to the opinion that if the landlord fails to designate a place for the payment of the rent, the tenant may pay or tender it at either place mentioned for that purpose in the lease, but that question cannot be disposed of in this case, where no tender of any sort was attempted. Entertaining the foregoing views, I am of opinion that there was no error in the refusal to nonsuit the plaintiff.
The defendant's first request was properly refused, because it assumed that it was proved that the defendant had requested the plaintiff to name a place where he should pay the rent, and that the plaintiff had refused to do so. This was upon the evidence at most a question of fact for the jury, the witness who proved the conversation being unable to say whether the conversation related to this farm or to another, and the defendant having on that question the burthen of proof upon him.
The second request is liable to the same objection; it assumed a proposition of fact to be proved, as to which at most the defendant had a right to ask to go to the jury.
The direction as to interest was right according to VanRenselaer v. Jewett, (2 Coms. 135.)
The observations already made as to the motion for a nonsuit, dispose of all the points which can arise upon the exception to the judge's direction to the jury to find a verdict for $441,46, except upon the ground that there was a question of fact for *Page 87 
the jury to pass upon as to whether the plaintiff had waived the performance of the services. It does not appear that any such question was made at the trial. The defense seems to have been rested upon points of law. If the defendant desired to go to the jury, he should have called the judge's attention to it at the trial.