By the Court, Monell, J.
If the instruction of the learned justice to the jury, that no written transfer of the lease was necessary to invest Cameron, Edwards & Co. with the title to it; and that they might become the owners of it by the assent of Cameron and Edwards and their own will, and by assuming its liabilities, was' correct, I think there was sufficient evidence in the case .to go to the jury, and their ver *284 diet in favor of the defendants, establishing a transfer by parol, will not be disturbed.
The case upon this view was fairly placed before the jury, and there is no such preponderance of evidence, against their finding, as would, under the settled practice of the courts, authorize us to set aside their verdict. But as my associates differ with me on this question, it is not necessary for the determination of these exceptions.
It becomes important, therefore, to examine the instruction of the learned justice, that no “ written ” transfer of the lease was necessary to invest title to it in the transferee.
Our statute is, (2 R. S. 134, 135, §§ 6, 8,) that “ Eo estate or interest in land, other than leases for a term not exceeding one year, shall be assigned, unless by act or operation of law, or by deed or other conveyance in writing.”
The statute of frauds, of 29 Car. 11, ch. 3, §§ 1, 2, 3, from which our statute is derived, provides “ that no lease or estate, either of freehold or term of years, shall be assigned, granted or surrendered, unless in writing.”
There is no essential difference between these statutes ; ours being, if any thing, the most comprehensive, the words “ estate or interest in land ” embracing every species and title to real property known to the law.
As rent issues from the land, so, in the absence of any other designated place, in the lease, it is payable on the land. (Livingston v. Miller, 11 N. Y. Rep. 80.) It is incident, though not inseparably so, to the reversion. (Co. Litt. 143.) It passes with a general grant of the reversion, and may pass without the reversion ; and the assignee of the rent without the reversion, may maintain an action for its payment in his own name. (Moffatt v. Smith, 4 Comst. 126.) And a “rent charge” being a rent reserved by deed, when the landlord has no reversion, nor any express power of distress, is regarded as real estate. (Brad. on Dist. 15, 32, 34. People v. Haskins, 7 Wend. 467.)
The lease to the defendants reserved to the lessors the right of entry on the breach of any of the covenants contained in *285 the lease, including the covenant to pay rent. And upon the failure of the lessees to keep these covenants, the lessors might regain, repossess and enjoy their former estate in the premises.
The assignments of a lease containing such a reservation, necessarily carried with it the reversion of the term in the event óf a breach of any of the covenants by the lessees, when the right of the assignee to re-enter would be complete. It was a right to re-enter upon and repossess the estate which had been granted, and was, therefore, necessarily, T think, an estate or interest in land, within the meaning of the statute to which I have referred.
We were not referred on the argument, nor have I been able to find a case, where an assignment without writing, has been held to be sufficient under our statute or the statute of Oar. 2. On the contrary, all the cases under either statute, regard a lease, as well as the assignment of it, either by the lessor or the lessee, as an estate or interest in land, which can be transferred only by a written instrument.
The language of all the statutes, of ours particularly, is too plain to admit of question; and I can not doubt that the lease to the defendants was within the prohibition of a parol transfer.
The defendants counsel, substantially admitting that the lease was real estate, attempt to sustain the instruction of the learned justice, by claiming that the lease was taken in the firm name of Cameron and Edwards, and thereby became partnership property, and is, therefore, to be treated as partnership funds, and passed as assets to Cameron, Edwards & Co.
That in equity, it might have been regarded as partnership property, as between the partners, and as such might have been reached by partnership creditors, or formed a part of their assets subject to distribution among the members of the firm on dissolution, does not take the lease from the operation of the statute, nor furnish a reason for another kind of transfer than the statute requires. There is no description of real-property, whether it be held by partners or individuals, which *286 can be granted or conveyed except by an instrument in writing.
There is only one remaining question.
The money which the defendants claimed the right to set off, became due before the assignment of the lease to the plaintiff; and it is urged, that the defendants can not be deprived of their set off, by a subsequently acquired interest in rents reserved in the lease. The rent, to recover which the suit was brought, became due November 1, 1861, long after the assignment of the lease, and long after the defendants had notice of the assignment.
But the debt was due from Cameron, Edwards & Co., who, as I have endeavored to show, never were the owners of the lease, and therefore, had no interest in the rents, against which the defendants claim the right of set off. Had the loan been made to Cameron & Edwards, before the dissolution of that firm, it might have been otherwise.
Viewing the law as I do, I think the learned judge erred in his instructions to the jury, and that, therefore, the exceptions were well taken, and there should be a new trial, with costs to abide the event.
New trial ordered.