3   221
p68   131

### D. D. BURNES et al. v. R. S. McCUBBIN.

#### Error from Atchison County.

Where, in a lease it was stipulated that if the lessees failed to pay 1st, rent at a certain time or 2d, taxes, &c., or to refund those paid by lessor, the lease should be forfeited; and where the lease contained afterwards an independent stipulation that the lessee should not assign the lease without the written consent of the lessor, with no penalty expressed, it was *held* that when the parties have made written contracts with express stipula-

tions, it is not the policy of the court to extend them by implication; having expressed some conditions, they are presumed to have expressed all.

Where such lease is silent as to the place of payment of rent, it will be presumed that the place intended was at the place (at least in the city, the lessors being non-residents of the state and having no agent,) where the leased property was situated.

Where such lessors were accustomed to collect rent themselves, and the rent was due July 1st, and where the lessors were not in the state until the 5th, when the rent due was tendered; *Held* that a sufficient and substantial compliance with the terms of the lease was shown.

Where the record in such case shows that before the commencement of the suit the lessees tendered the amount paid by the lessors for taxes, &c.; *Held* that the lessees thereby complied with the terms of the lease.

Ruling of the court below on such a showing, that such lease was forfeited, reversed.

This case arose in Atchison county and was submitted to the court on the agreed statement that the plaintiff below leased the premises, a lot in Atchison, to Charlotte A. Crowell, by a written lease dated April 1st, 1862, in consideration of $180 per year for the term of four years, on conditions of payment of certain taxes and assessments, special and general, said lessee agreeing to refund any portion of the aforesaid taxes, that the lessors may pay. In default of which and of the payment of the notes provided to be given for such rent, according to their tenor at maturity, the said lessee to be liable to be dispossessed without notice or the privilege of removing any implements belonging to the lessee. Then follows a provision making rent payable quarter-yearly, secured by notes drawing interest after maturity, at 20 per cent. per annum. Then follows this stipulation: "It is further agreed this lease shall not be assigned * * * without the written consent of the lessor."

That the lessee assigned the lease and her improvements on the premises to P. and P. to H. and H. to defendants below without consent of lessors in writing; that the taxes were not paid by the lessee or her assignees; that P. on the 5th day of July 1864, tendered to the plaintiffs in error

the sum due on the note maturing July 1st, 1864, and the taxes the plaintiffs were compelled to pay; that the lessors reside in Missouri; that the tender was made on their first business to Atchison, after the assignment; that the amount tendered was refused by lessors on the ground that the lease had been forfeited, and who demanded possession, which was refused; that the improvements put upon the leased lot were worth $1,200, and that plaintiffs were not in the city on the day the rent became due, and not till five days thereafter.

The court found his conclusions of fact as agreed upon, and his conclusions of law, and rendered judgment for defendants below, to which the plaintiffs excepted. A motion for a new trial was made and overruled, which ruling was also excepted to. The case was brought to this court on a petition alleging errors in the court in overruling the motion for a new trial and in rendering the judgment.

The case was argued by *G. W. Glick*, in the Supreme Court for plaintiffs in error, and by *Bela M. Hughes*, for defendant in error.

The brief of *Otis & Glick*, for plaintiffs in error, contained the following points:

The lease was forfeited because

1st. It was assigned without consent of plaintiffs.

2d. The taxes had not been paid as provided by the lease. *Byram* v. *Rogers*, 8 *Minn.*, 281; *Garner* v. *Hannah*, — *Ducr R.*

3d. The tender did not cure the forfeiture, as the whole rent became due instantly as a quarterly instalment was not paid in time, and the whole sum was not tendered.

It was not necessary to state in the lease that it should be forfeited on default or violation of its terms. 4 *Kent's Com.*, 122.

A court of equity will not relieve against a forfeiture in-

curred by alienation or other condition broken. *Taylor's Land. and Ten.*, sec. 496; 2 *Story's Eq. Jur.*, sec. 1324.

*Bela M. Hughes*, for defendants in error, submitted:

1st. The lease being silent as to the place of payment of rent, the law presumes it to be where the leased property is. *Alshouse* v. *Ramsey*, 6 *Wheat.*, 631; *Chit. on Con.*, 731, (9th ed.); 4 *Wend.*, 313; 16 *John.*, 222; 5 *Denio*, 453; 6 *Cow.*, 725; *Taylor L. and Ten.*, sec. 392.

2d. The forfeiture of the lease existing July 1st, was cured by the tender, the landlord not having in the meantime re-possessed himself of the premises. *Taylor L. and Ten.*, 495; 8 *Mod.*, 345; 1 *Miles R.*, 75; *Black's R.*, 746; 10 *Ves.*, 6, 7; 12 *Id.*, 475; 16 *Id.*, 405; 3 *Ves. and B.*. 24; 2 *Story Eq.*, secs., 1314, 1315, 1316.

Substantial performance of a condition is sufficient—nonperformance excused when occasioned by adverse party. (*Taylor's L. and Ten.*, sec. 289.) Plaintiff's absence prevented performance.

2d. The tender of the amount of taxes, &c., was a compliance with the lease. The amount due could be ascertained by computation. *Taylor L. and Ten.*, sec. 495; 7 *John. R.*, 235; 4 *Munf.*, 332; 2 *Price*, 200; 7 *Paige*, 350.

3d. By its terms, an assignment without consent of lessors, does not forfeit the lease, but the lease specifically points out what shall forfeit it. Its provisions in this respect will not be extended. *Brown's Maxims*, 581; *Taylor's L. and Ten.*, sec. 290, 291, 402, 589, 588; *Spear* v. *Fuller*, 8 *N. H.*, 174; 1 *Wash., Real Prop.*, 318, secs. 7, 8; 3 *Dana*, 586; 5 *Seld.*, 9; 1 *Dutch*, 292; 3 *Cush.*, 285; 2 *Bing*, 13; 1 *B. and Ala.*, 715; *Doe* v. *Godwin*, 4 *M. and S.*, 265; *Story Eq.*, sec. 1324.

4th. Any forfeitures were waived or cured. *Taylor's L. and Ten.*, sec. 497; 8 *Watts*, 55; 2 *N. H.*, 160; 5 *Cow.*, 448.

Burnes v. McCubbin.

*By the Court*, SAFFORD, J.

The plaintiffs brought their action against R. S. McCubbin to recover the possession of certain leasehold property in the District Court of Atchison county. The cause was tried by the court upon an agreed statement of facts and judgment rendered for the defendant.

Plaintiffs then moved the court for a new trial, which was refused, and they bring the case here on a petition in error. On the trial below the plaintiffs contended that the lease by virtue of and under which the property was held, had been forfeited,

1st, Because it had been assigned without license from the plaintiff; 2d, For non-payment of taxes, and 3d, Non-payment of rent. The court found that the lease had not been forfeited for the reasons stated, or either of them, and that the defendant was entitled to the continued possession of the property. Was this finding erroneous? It was stipulated in the lease that the lessee should forfeit the term: 1st, If the lessee failed to pay the rent when due, and 2d, If the lessee failed to pay taxes and assessments levied upon the property, or to refund the amount of the same to the lessors in case they should pay them.

After this agreement concerning forfeiture of the term and not connected therewith, there is the further stipulation that the lessee should not assign the lease without the written consent of the lessors. No penalty is expressly provided in case of a breach of this part of the lease, and unless the penalty of forfeiture is held to extend to it by implication, there could have been no intention on the part of the contracting parties to provide one, but to leave the parties to determine their rights in this respect under the law applicable to such cases.

We are not disposed to favor this doctrine of implication, and more especially when applied to those cases where parties have entered into written contracts with express conditions. The rule is that "when parties have entered

into written engagements with expressed stipulations, it is manifestly not desirable to extend them by implication; the presumption is that having expressed *some* they have expressed *all* the conditions by which they intend to be bound under that instrument."

We think that a fair construction of the terms of the contract in this case justified the court below in holding that the parties thereto did not provide a forfeiture of the lease in case the lessee should assign it without consent of the lessors. The authorities sustaining this view are very numerous.

But the plaintiffs claimed that the lease was forfeited on account of non-payment of rent when due and non-payment of assessments and taxes. The agreed statement shows that the rent was due on the 1st day of July; that the plaintiffs resided out of the state, having no agent therein; that it was their custom to collect the rent themselves; that on the 5th day of July, that being the first time any of them had been in the city where the property was situated, the defendant tendered to them the installment of rent due on the 1st.

The lease is silent as to the place where the rent should be paid as it became due. It must be presumed then that the parties intended it should be paid at the place, or at least in the city where the leased property was situated. The tenant could not be expected to go out of the state to hunt up the lessors and tender the rent. This would be asking too much of him—in fact requiring him to attend to that which should be the care of the lessors.

We think that the case most clearly shows that it was the fault of the plaintiffs that the rent was not paid nor offered to be paid until four or five days after it fell due, and that the defendant did pay the rent or offered to pay it on the first opportunity. A substantial compliance with the terms of an agreement or performance of a condition, is sufficient, and when the non-performance of a condition

by one party is occasioned by the act of the other party, it may be excused.

In respect to the non-payment of taxes and assessments the case shows that the defendant tendered the amount which had been paid by the lessors on the 5th day of July, and before the commencement of this suit. The lease provides that the lessee shall pay all taxes and assessments or refund to the lessors the amount of the same if so be they should be obliged to pay such taxes by reason of the failure of the lessee to do so. It is plain therefore that the lessee had the right to refund to the plaintiffs the amount of taxes and assessments paid by them, and thus save himself from the penalty of forfeiture. The defendant did all that the right of the case and the terms of the lease required of him.

We are therefore of the opinion that there is no error in the judgment of the court below.

Judgment affirmed.

All the justices concurring.