HON. J. G. TALIAFERRO, ⎫
HON. R. K. HOWELL, ⎪
HON. W. G. WYLY, ⎬ *Associate Justices.*
HON. W. W. HOWE, ⎭

---

No. 3492.—ANN P. HARRISON *v.* L. B. JENKS—The M. & R. F.
Company, Appellant.

23 707
48 703

Furniture lodged in a building by the lessee is pledged to the landlord for the payment of the rent. A seizure of it by the landlord, and a release of the seizure by the lessee's giving bond, does not destroy or impair the privilege accorded by law in favor of the landlord. A seizure or sequestration by a creditor after the property has been released on bond will not therefore interrupt or affect the privilege already existing for the payment of the rent.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Cotton & Levy,* for plaintiff. *Hornor & Benedict,* for third opponents, appellants.

HOWE, J. On the nineteenth May, 1871, the Mitchell & Rammelsberg Furniture Company sequestered certain furniture in the house occupied by Jenks, claiming the vendors' privilege. The furniture does not appear to have been removed from the premises.

On the twenty-third May the plaintiff, Mrs. Harrison, provisionally seized the same property for rent of the house thus occupied by Jenks, the furniture still being on the premises.

On the twenty-fifth May the provisional seizure for rent was released and the property ordered to be restored to Jenks upon his giving bond under article 287, R. C. P., which bond was given.

On the eighth of June the Mitchell and Rammelsberg Furniture Company obtained judgment with privilege, and on the twenty-sixth June issued writ of *fi. fa.*

On the nineteenth June Mrs. Harrison obtained judgment with privilege, and on the twenty third June issued *fi. fa.* The property was sold under the latter *fi. fa.*, and the contest before us, in which the Furniture Company is appellant, is in regard to priority of right to the proceeds.

The appellant contends that the bond given by Jenks in release of the writ of provisional seizure was a substitute for the property, that the property was no longer under the control of the court, and that therefore, as we understand the argument, it at once fell back into the grasp of the appellant's sequestration issued to secure its vendor's privilege, and the cases of Dorr *v.* Kershaw, 18 La. 58, and Bell *v.* Alexander, 1 Rob. 278, are cited in support of this theory.

The cases cited were of attachment, where the privilege sprung from seizure only, and perished with the release of the seizure. The case before us, however, is one of a privilege, properly so called, springing from the nature of the debt, a privilege which a seizure does not give nor a release of seizure take away. The fact that Jenks gave a bond did not extinguish the lessor's privilege. R. C. C. 3277. It only added another to the extraordinary safeguards with which our law chooses to hedge the landlord, and we do not see that the appellant, as vendor, choosing to deliver the property to a lessee, can legally complain of the result occuring in this case. Blanchen *v.* Fashion, 10 An. 49.

Judgment affirmed.