Fordyce v. Hathorn.

J. M. FORDYCE, Plaintiff in Error, *vs.* I. N. HATHORN, Defendant in Error.

1. *Practice, civil—Defenses in abatement waived, when.*—Where matters in abatement and bar are contained in the same answer, the matters in abatement are waived by setting up the defenses in bar.

2. *Landlord and tenant act—Proceeding under—Petition may be amended, how.*—In a suit by attachment under the landlord and tenant act, plaintiff cannot, by amendment, change his cause of action so as to maintain the attachment against a plea in abatement. But if defendant appears to the action and files an answer in bar to the merits, the petition may be amended in the same manner and for like reasons as in other actions.

3. *Landlord and tenant—Rent in kind—Place of payment.*—Where rent is payable in kind and no place of payment is stipulated, a tender upon the premises is sufficient. And the tenant holds the property so set apart as bailee at the risk and expense of the landlord.

*Error to Cole Circuit Court.*

*E. L. Edwards & Son,* for Defendant in Error.

*G. T. White,* for Plaintiff in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action commenced under the landlord and tenant act, by attachment, for the recovery of rent payable in kind. The cause was tried on an amended petition.

The defendant, in the same answer, set up matter in abatement of the attachment and also defenses in bar of the action.

The court on motion of plaintiff struck out the matter in abatement. In this we think there was no error. Where matters in abatement and bar are contained in the same answer, the matter in abatement is waived. by the defenses in bar. (Cannon vs. McManus, 17 Mo., 345 ; Rippstein vs. St. Louis Mut. Life Ins. Co. Mo., *ante,* p. 86.)

It was also contended by the counsel for the defendant that the plaintiff had no right to amend his petition as it was a suit by attachment under the landlord and tenant act. He would certainly have no right to entirely change the cause of action so as to maintain the attachment against a plea in abatement. But if the defendant appears to the action, and

files an answer in bar, I see no reason why the petition may not be amended in such actions in the same manner and for like reasons as in other actions.

The case was tried before a jury and resulted in a verdict and judgment for the defendant. The rent sued for consisted in part of the crop of corn which was to be grown on the land, and the material question was as to the place of delivery. The plaintiff contended that the place of delivery was at his barn on a hill some distance from the field, and the defendant contended, that there was no such place named, and that the contract only required him to gather the corn in the field. Each party gave evidence to prove his theory. The instructions presented the different views of the parties fairly to the jury.

On the part of the defendant the court instructed, that if there was no place named by the contract, for the delivery of the rent corn, the defendant might deliver it on the premises in a pen suitable for that purpose. The evidence showed that the defendant was hunting the plaintiff to ascertain where he would have the corn delivered, and the plaintiff claimed that the delivery was to be in his barn on the hill, and the defendant claimed that the delivery was to be made on the premises, and began to deliver on the premises when the attachment was served and possession of the crop was taken by the officer. So that the material inquiry on the trial was as to the place of delivery. The doctrine in regard to this question is thus laid down by Taylor in his treatise on Landlord and Tenant. "In regard to the place of payment, it is to be observed, that when rent in kind is payable by the terms of contract at such a place in a market town, as the lessor shall appoint, and no appointment has been made, it is the duty of the lessee to seek the lessor, ascertain the place of payment, and there deliver his rent. If the landlord cannot be found, a delivery anywhere within the market town would be sufficient. And whether payable in money, or kind, if no place of payment is specified, a tender of either upon the land is good, and prevents a forfeiture. Although the tenant is

under no obligation to go and seek the landlord, provided the contract is silent as to the place of payment, a formal tender to him anywhere is sufficient." (Tayl. Landl. & Ten., [5th Ed.,] Par., 392, pp. 289, 290 ; Lusk vs. Druse, 4 Wend., 313 ; Walter vs. Dewey, 16 Johns. R., 222 ; Van Rensselaer vs. Jones, 5 Den., 453.) If the lessee discharges himself by a delivery on the premises of rent in kind, he holds the property thus set apart and delivered as bailee, at the risk and expense of the landlord. (Sheldon vs. Skinner, 4 Wend., 525 ; Slingerland vs. Morse, 8 John. R., 477.)

The instruction objected to by the plaintiff, seems to be in accordance with the doctrine as here laid down and as generally understood.

The judgment seems to be for the right party. Judgment affirmed ; all the judges concur.