## RAYNER v. SLIGH FURNITURE CO.

1. APPEAL AND ERROR—CERTIORARI—INDUSTRIAL ACCIDENT BOARD
   —CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES—MASTER AND
   SERVANT.

   In reviewing a decision of the industrial accident board,
   awarding compensation for the accidental injury and
   resulting death of an employee, a finding that the injury
   did not arise from the intentional and wilful misconduct
   of the deceased will not be reviewed, if there was evi-
   dence to support it. Act No. 10, Extra Session 1912,
   § 12, pt. 3 (2 How. Stat. [2d Ed.] § 3980).

2. MASTER AND SERVANT — INDUSTRIAL ACCIDENT BOARD — COURSE
   OF EMPLOYMENT.

   Injuries resulting in the death of an employee, in the fac-
   tory of defendant, from colliding with another servant
   while the decedent was running to punch the time clock,
   a duty imposed by the master, was an industrial acci-
   dent, within the meaning of Act No. 10, Extra Session
   1912 (2 How. Stat. [2d Ed.] § 3939 et seq.). McALVAY,
   C. J., dissenting.

3. SAME—PROXIMATE CAUSE.

   If not the proximate cause of decedent's injuries, the per-
   formance of such duty so contributed to the accident as
   to constitute a concurring cause.

Certiorari to the industrial accident board by the
Sligh Furniture Company to review an order award-
ing compensation to Lida Rayner for the accidental
death of her husband, Adelbert Rayner. Submitted
January 8, 1914. (Docket No. 26.) Affirmed April
7, 1914.

*Francis D. Campau (William A. Mulhern,* of coun-
sel), for appellant.

*Norris, McPherson & Harrington,* for appellee.

KUHN, J.   This case is brought here by certiorari
to the industrial accident board.   Adelbert Rayner,
the applicant's husband, was injured while in re-
spondent's factory in the city of Grand Rapids.
About 100 carvers and cabinet workers were em-
ployed on the third floor of the factory, and, on the
blowing of the noon whistle, each workman was re-
quired to proceed to the end of the room and punch
the time clock before leaving for dinner.   Mr. Rayner,
who was working on this floor, about 150 feet from
the time clock, on November 5, 1912, when the whistle
blew at noon, started on a run from his bench to the
clock to punch it.   After proceeding about 30 feet, he
collided with Martin De Vos, a fellow employee, whom
he could not see because of drawers which were piled
up on the floor.   This resulted in Rayner fracturing
or injuring one or more of his ribs.   The injury to
his side and ribs affected the pleura of his lungs, and
from the inflammation or irritation which followed
the lungs became affected, resulting in Mr. Rayner's
death.

There had been no general notice printed or posted
of a rule against running to the time clock, but, about
a year previous to the accident, Rayner had been told
by his foreman, Hicks, not to run to the clock.   There
was testimony that the rule against running had not
been enforced, and no employee had been discharged
because of doing so.   An award to claimant, who was
left as his dependent, was made by a committee on
arbitration, and upon review was affirmed by the in-
dustrial accident board.

It is the contention of the respondent and appellant
that the facts indicate that the accident and the re-
sulting injury arose out of an act independent of the
employment, in direct violation of a rule of the com-
pany, and solely for his own pleasure or convenience.
With reference to the rule, the commission made a

finding that such a rule had not been enforced, and its general violation had been acquiesced in by the employer. There being evidence to support this finding of fact, by the terms of the act (part 3, § 12, Act No. 10, Public Acts, Extra Session 1912)[1] it becomes conclusive, and as a result eliminates the consideration of the question as to whether the injury arose by reason of the intentional and willful misconduct of Rayner. *Rumboll* v. *Colliery Co.*, 80 L. T. 42, 1 W. C. C. 28.

At the time of the accident, Rayner was in the performance of a duty imposed upon him by his employer. When the noon whistle blew, it was obligatory upon him, before leaving the place of his employment, to punch the time clock. The performance of this duty, if not the proximate cause, was a concurring cause of his injury. In *Fitzgerald* v. *Clarke & Son* (1908), 99 L. T. 101, 1 B. W. C. C. 197, Buckley, L. J., stated the rule as follows:

"The words 'out of and in the course of the employment' are used conjunctively, not disjunctively; and upon ordinary principles of construction are not to be read as meaning 'out of,' that is to say, 'in the course of.' The former words must mean something different from the latter words. The workman must satisfy both the one and the other. The words 'out of' point, I think, to the origin or cause of the accident; the words 'in the course of' to the time, place, and circumstances under which the accident takes place. The former words are descriptive of the character or quality of the accident. The latter words relate to the circumstances under which an accident of that character or quality takes place. The character or quality of the accident as conveyed by the words 'out of' involves, I think, the idea that the accident is in some sense due to the employment."

We are well satisfied that the accident was an industrial accident within the meaning of the compen-

---

[1] 2 How. Stat. [2d Ed.] § 3939 *et seq.*

sation act, and arose "out of and in the course of his employment." *Whitehead* v. *Reader*, 2 K. B. 48 (1901).

The judgment and decision of the industrial accident board is affirmed, with costs against appellant.

BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred with KUHN, J.

McALVAY, C. J. I do not think that this was an industrial accident within the statute.