(No. 14832.—Reversed and remanded.)

THE CRANE COMPANY, Plaintiff in Error, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(FRANK HIS, Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*workman on way to obtain pay is in course of employment.* An employee is under the Compensation act if he is injured on the premises of his employer while on his way to obtain his pay after having ceased actual work.

2. SAME—*when injury to an employee on way from work arises out of employment.* Where an injury occurs to an employee while on his way to or from his work it may or may not arise in the course of his employment, depending upon the facts in the particular case, but if the employee is injured on the premises of the employer while going from his work, leaving within a reasonable time and following the customary route off the premises, the accident arises out of the employment.

3. SAME—*when an injury to employee after receiving his pay arises out of employment.* Where an employee was not working on the day on which he received his pay and was told by his employer that he would have to call for his pay, an injury received by a fall on an icy walk while the employee was leaving the pay office must be held to arise out of the employment, provided the employee was on the premises of the employer at the time of the accident.

4. SAME—*burden is on applicant to support claim by satisfactory evidence.* The burden is on the applicant to prove by satisfactory evidence, and not by guess or surmise, that the injury is the result of an accident occurring in the course of and arising out of the employment.

5. WORDS AND PHRASES—*meaning of the word "guess."* The word "guess" may be defined as a swift conclusion from data directly at hand, and held as probable or tentative while one confessedly lacks material for absolute certainty.

6. SAME—*meaning of the word "opinion."* The word "opinion" may be defined as a conclusion or judgment held with confidence but falling short of positive knowledge, ranging from matters of mere conjecture up to strong probability.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

W. T. ALDEN, C. R. LATHAM, H. P. YOUNG, and H. C. LUTKIN, (CHARLES MARTIN, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

On February 26, 1920, an application for adjustment of claim was filed by Frank His against the Crane Company, plaintiff in error, alleging that on January 2, 1920, while leaving the plant of plaintiff in error, he fell and permanently injured his right arm. On a hearing before the arbitrator it was found that His had sustained accidental injuries which arose out of and in the course of his employment, and an award was entered allowing him $14 a week for 10 weeks for temporary total incapacity for work and the further sum of $14 a week for a period of 120 weeks, as provided in paragraph (e) of section 8 as amended. The award was approved by the Industrial Commission and afterward affirmed by the circuit court. From the judgment of the circuit court this writ of error has been sued out.

The record shows that the applicant had been in the employ of the Crane Company for about two years. His work at the time of the injury was that of assembling valves, his average earnings being $24 a week. It appears from the evidence that on the day of the accident he was not working but was at home on account of the sickness of his baby. He called up his foreman and asked if his pay could not be sent to him by a friend, and the foreman replied no, he would have to call for it. He went down, arriving at the plant about 4:20 P. M. The plant covers considerable territory in the neighborhood of Fortieth street and Kedzie avenue, on the southwest side of Chicago. After receiving his pay in the pay office of the Crane Company he and Edward Shirek left the office together. The buildings of the Crane Company are set back some distance from Kedzie avenue on the west, and there is a private driveway or private street running from the buildings to Kedzie avenue, the driveway having a lawn on each side. On one side of this driveway is the employment office, and there is a shanty, sometimes used by the watchman, located not far from Kedzie avenue. There appears to have been a sidewalk on either side of the private driveway, used by employees in going between the various buildings and Kedzie avenue. Shirek testified that when the applicant and himself left the pay office there was a street car coming on Kedzie avenue which they wished to board, and Shirek called to His, "Hurry up, Frank! The car is coming!" It appears from the evidence that Shirek and the applicant in going out of the grounds from the pay office went in the regular way down the private street, on the sidewalk in the company's grounds, to reach Kedzie avenue. In passing over a part of this walk, which was icy, the applicant slipped and fell on his right side. He testified that he was picked up by three men, and thereafter he boarded a street car and went north to Twenty-sixth street. No witness for the Crane Company testified to seeing the accident. The applicant testified that he fell

about ten feet from the gate, which crosses the driveway. He also testified that he was on the street going north when he fell and that the three men were going north when they picked him up. In view of the fact that the driveway about which he was testifying runs east and west he was plainly mistaken in stating that he was going north on the private driveway, and is also mistaken in stating that the three men who picked him up were going north. It is impossible to reconcile his testimony on these points. If he was going to catch the street car, which ran north on Kedzie avenue, he could not have been running north on the private driveway. Both the applicant and Shirek testified that His fell about eight or ten feet outside the gate on the private driveway, and it is a considerable distance from the gate to Kedzie avenue. The inconsistency on this point we think may be due to the fact that the applicant may not have been familiar with the English language and may have become somewhat confused as to directions and must have been mistaken as to the direction he and the three men were going, for he also stated the men were on the way to the employment office, or at least were going by the foundries. The record is in serious conflict on this question, and it is impossible from the evidence to conclude that plaintiff in error is correct in arguing that the accident took place after leaving the private driveway and reaching Kedzie avenue, for it is clear that the buildings in question are some distance from Kedzie avenue, and that the accident took place eight or ten feet from the gate on the private driveway. The question, therefore, whether the accident arose out of and in the course of the employment depends upon whether the applicant was rightfully going from the pay office on the grounds of the plant by the route the employees of the Crane Company regularly followed in going for their pay after they had finished work.

It is settled by the authorities that a workman will be held to be under the act if injured on the premises when,

having ceased actual work, he is on his way to obtain his pay. (*Riley* v. *Holland,* 4 B. W. C. C. 155; Bradbury on Workmen's Compensation,—3d ed.—500, and authorities there cited.) This court has said after a somewhat exhaustive review of the decisions, that the great weight of authority appears to be that if the injured employee was on the premises of the employer in going from his work, leaving within a reasonable time and following the customary route off the premises, the accident will be held to arise out of the employment. (*Wabash Railway Co.* v. *Industrial Com.* 294 Ill. 119.) There can be no question, under the authorities and the evidence in this record, that the applicant had gone on the premises of the plaintiff in error at the special direction of his foreman, as he had not worked that day and the foreman told him to come for his pay, and after receiving the same he was leaving the premises in the usual and customary way and the accident occurred while he was so doing. Under the decision of *Molloy* v. *South Wales Anthracite Colliery Co.* 4 B. W. C. C. 65, in addition to the authorities already cited, it must be held that the applicant was acting in the course of the employment when he slipped and fell on the ice on the premises of plaintiff in error. Nothing is said by this court in *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, which in any way conflicts with this decision. It was said in this last case that when an injury occurs to an employee while on his way to or from his work it may or may not arise in the course of his employment, depending upon the facts in the particular case, and that doctrine was referred to with approval by this court in *Wabash Railway Co.* v. *Industrial Com. supra.*

It is also argued that the amount of the award is not sustained by the evidence. This court has frequently held that the burden is on the applicant to prove by satisfactory evidence, and not by guess or surmise, that the injury is the result of the accident occurring in the course of and aris-

ing out of the employment. (*Edelweiss Gardens* v. *Industrial Com.* 290 Ill. 459; *St. Louis Smelting and Refining Co.* v. *Industrial Com.* 298 id. 272; *Shoal Creek Coal Co.* v. *Industrial Com.* 300 id. 551.) The direct testimony in this case that would ordinarily be considered the most worthy of consideration was given by the physicians as to the nature and extent of the injury. One of the doctors who testified for applicant, Dr. Jirka, stated that what he said on this point was only his best guess as to the extent and duration of the injury, and the other testimony in the record as to the extent of the applicant's injury is not much more definite and certain. If the testimony upon which the Industrial Commission could base its opinion was merely upon the best guesses of the witnesses, how could the commission arrive at a satisfactory decision? The lexicographers define a guess as "a swift conclusion from data directly at hand, and held as probable or tentative while one confessedly lacks material for absolute certainty;" (Standard Dict. 1088;) and the same authority on page 1730 defines an opinion as "a conclusion or judgment held with confidence but falling short of positive knowledge; ranging from matters of mere conjecture up to strong probability." It is clear that the testimony of these doctors was a conclusion based upon a mere conjecture and not a positive opinion as to the effect of the injury. There is no satisfactory evidence as to the extent of the injury. The evidence did not justify the finding of the arbitrator, sustained by the Industrial Commission and the court, as to the amount of the award.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to remand the cause for further consideration by the Industrial Commission, with the right of either party to introduce any further evidence that may be desired.

*Reversed and remanded, with directions.*