(No. 16050.—Reversed and remanded.)

THE CRANE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANK HIS, Defendant in Error.)

*Opinion filed October 28, 1924.*

WORKMEN'S COMPENSATION—*when cause will be remanded with directions to reduce award for permanent partial disability.* Where an employee suffers an injury to his right arm, and the evidence, although it shows a permanent partial disability, is not sufficient to sustain the award of the Industrial Commission for the loss of forty per cent of the use of the arm, the cause will be remanded, with directions to enter an award which in the opinion of the Supreme Court is the maximum to which the employee is entitled under the evidence, or to allow him a further hearing if he does not elect to accept such award.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

W. T. ALLEN, C. R. LATHAM, H. P. YOUNG, and H. C. LUTKIN, (CHARLES MARTIN, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

At a former term of court we held that the injury which is the basis of this action arose out of and in the course of the employment of defendant in error, Frank His. (*Crane Co.* v. *Industrial Com.* 306 Ill. 56.) On that hearing the cause was remanded to the Industrial Commission for further hearing as to the extent of the disability. On the second hearing there was an award of $14 a week for ten weeks of temporary total incapacity for work, and $14 a week for eighty weeks of permanent partial incapacity for work by reason of the loss of forty per cent of the use of

the right arm. This writ of error was allowed to be prosecuted to review the award for permanent partial disability.

On the former hearing it was determined that defendant in error on January 2, 1920, injured his right arm in a fall on the premises of plaintiff in error. March 12 there was a hearing before the arbitrator, and on that hearing three physicians testified. Dr. Jirka testified that he saw His on the date of the accident; that an X-ray examination revealed a lineal fracture of the coracoid process of the right arm and an impacted transverse fracture of the distal end of the right radius; that he immobilized the arm by putting it in a cast, where it remained about six weeks; that the arm had been out of the cast about a month before the hearing; that an examination just before the hearing showed a limitation of extension and flexion of the elbow joint and the wrist joint and an inability to complete pronation and supination of the forearm; that the injury is to the bone and not the muscle; that the weakened condition of the arm is permanent, but no one can tell what the permanent loss of movement will be. Dr. Hayes testified that he made an examination of His for the purpose of testifying; that he found that His could not supinate his arm and could not raise it quite as high as normal; that His does not carry his arm quite straight and that there is a loss of flexion and strength; that at the time of the hearing the arm was practically useless for general work, and that in his opinion there would be a permanent loss of use of eighty per cent. Dr. Harvey testified that most of the limitation of motion was due to the fact that the arm had been immobilized and that with use it would improve; that an examination of the skiagraphs indicated a small fracture of the end of the radius, and that such a fracture would not have any permanent effect on the use of the wrist; that the fracture at the elbow was slight; that it was not possible to tell whether there would be a hundred per cent recovery,

but that it was his opinion that the applicant would have a useful hand and arm.

On review before the commission on December 6, 1920, two other physicians testified.  Dr. Forester, for plaintiff in error, testified that he had examined His and found an old injury involving the lower end of the radius; that the fracture was completely healed; that the right and left elbows flexed the same but apparently there was an inability to extend the right arm fully; that there was approximately a ten per cent limitation in extension; that with his elbows at his sides and the palms of his hands down there was no limitation in turning the arms, but in turning the right arm with the palm of the hand up, the right arm could not be supinated as fully as the left arm, there being about a twenty-five per cent limitation; that in supination, extension and flexion of the wrist joint there was an approximate limitation of ten per cent; that the flexion of the fingers and thumb was not impaired; that the X-ray revealed a small piece of bone about the size of a flattened pea which was apparently separated from the external condyle; that this was the only thing that showed a previous injury to the elbow; that there had been a full recovery from the elbow injury; that the evidence of atrophy is not marked and that this condition will improve; that the loss in extension at the elbow will improve to normal when the arm is used freely; that the ten per cent limitation in supination, flexion and extension at the wrist joint is permanent. Dr. Adams, for defendant in error, testified that he found a partial ankylosis of the right elbow and impaired wrist motion and an inability to close the fingers into the palm of the hand; that the skiagraph shows a fracture of the external condyle of the right elbow and a fracture of the end of the radius of the right wrist; that there is a twenty-five per cent limitation of use of the elbow and a twenty per cent limitation of use of the wrist; that there would be improvement with proper exercise.

On the rehearing before the commission on May 21, 1923, three physicians testified. Dr. Adams, for defendant in error, testified that a recent examination of the right arm of His showed some improvement; that there was still an impairment in extension and flexion of the wrist; that there was a wasting of the muscles of the forearm and of the hand; that some of this wasting was due to a former injury, which had resulted in the amputation of the ring and little fingers at the first joint. Dr. Phemister, for plaintiff in error, testified that an examination of the right arm of His showed a loss of the first joint of his ring and little fingers and an incision in the region of the thumb joint, both of which injuries, the patient said, occurred years before; that he found the hand had a slight radial flexion and that the muscles of the forearm were slightly wasted; that he measured the two arms at the same level, and found that the right forearm measured ten inches in circumference while the left measured ten and three-fourths inches; that there was no difference in the musculature of the upper arms and shoulders; that upon manipulation of the joints he found there was slight limitation of extension at the right wrist joint but that the motion was otherwise normal; that there was slight limitation of extension at the elbow, but flexion there was practically normal; that there was slight limitation of external rotation of the arm but that the patient could put the right arm through almost as large an arc as the left; that there was no disturbance in sensation in the right arm; that an X-ray examination of both arms, taken for comparison, showed no trouble in the right shoulder, an old fracture in the right wrist joint and a fracture of the styloid process of the ulna; that there was a slight five or six-degree angulation to the thumb side of the lower end of the radius but no evidence of injury in the wrist joint aside from that; that there was no evidence of fracture in the upper end of the radius or ulna, but that the X-ray reveals a thin plaque of bone which lies

in the region of the capsule over the head of the radius; that this piece of bone was formed by a displacement of a small portion of bone cells which later ossified; that this plaque of bone was about the size of a flattened pea; that there was no fracture at the elbow joint and no missing portion of the external condyle of the humerus; that extension at the elbow is limited about twelve per cent but that flexion is practically normal; that there is very little limitation in the wrist motion and that both pronation and supination are practically normal; that there is about ten degrees' limitation of extension, the working radius in extension being about 165 degrees; that with no pain and no muscle weakness a joint with ten degrees of limitation of motion would be practically normal for working purposes; that there is almost no stiffness in the fingers aside from that which resulted from the old injury; that there is a loss of general grip in the hand, about half of which is due to the old injury and half to the new. Dr. Harvey was present when Dr. Phemister made his examination and he corroborated the testimony of the latter. He testified that the condition of the whole arm was better than at the time of his previous examination.

It is conceded that defendant in error has sustained a permanent injury to his right arm and that there is some reduction in his capacity for work. A part of his disability is due to a former injury for which plaintiff in error is not liable. While it is not possible to determine with mathematical exactness the extent of the disability suffered by defendant in error by reason of this injury, it is clear that the evidence does not warrant a finding that the loss of use of the right arm is forty per cent. Construing the evidence most favorably to the injured employee, the largest award that can be sustained on this record is an award for the loss of twenty-five per cent of the use of the right arm. There is evidence in the record to justify an award for this amount, and in order to prevent a further delay,

which will amount to a denial of justice, a judgment for that amount should be entered.

The judgment is therefore reversed and the cause is remanded to the circuit court of Cook county, with directions to enter an award of $14 a week for fifty weeks for the permanent loss of twenty-five per cent of the use of the right arm, if defendant in error shall elect to accept such an award, otherwise to remand the cause to the Industrial Commission for further consideration of the evidence as to the extent of disability.

*Reversed and remanded, with directions.*