KELLY *v.* DIXIE FUEL & SUPPLY COMPANY.

1. WORKMEN'S COMPENSATION—PROXIMATE CAUSE.
    Plaintiff did not receive an injury arising out of and in the course of his employment where he slipped on steps on employer's premises on day after his discharge from employment while waiting at payroll room (CL 1948, § 412.1).

2. SAME—INJURY WHILE ON EMPLOYER'S PREMISES.
    The mere fact that plaintiff was on the premises of his former employer at time of his injury is not controlling of his right to workmen's compensation.

3. SAME—PROXIMATE CAUSE.
    Since a precise or comprehensive definition will not well serve to determine the relation between the accident and the em-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 58 Am Jur, Workmen's Compensation, § 230.
[1, 2, 5] Workmen's Compensation: Injury after discharge.   56 ALR 859; 69 ALR 1121.
[3–9] 58 Am Jur, Workmen's Compensation, § 209 *et seq.*

ployment of the employee for whose injuries or death recovery is sought under the workmen's compensation act, the problem is left to be worked out by the process of exclusion and inclusion in particular cases.

4. SAME—PROXIMATE CAUSE.

Workmen's compensation will not be awarded to an employee unless there is established a causal relation between his employment and the injury.

5. SAME—PROXIMATE CAUSE—PERFORMANCE OF SERVICE INCIDENT TO EMPLOYMENT.

The right to an award of workmen's compensation is not alone founded upon the fact that plaintiff was injured when acting incidentally to his employment such as collecting his wages but upon the fact that the service he was rendering at the time of the injury grew out of and was incidental to the employment (CL 1948, § 412.1).

6. SAME—ARISING OUT OF AND IN COURSE OF EMPLOYMENT.

Compensable injuries under the workmen's compensation act arising out of and in the course of the employment cover those which befall an employee while discharging some duty he is authorized or directed to perform for the furtherance, directly or indirectly, of his employer's business (CL 1948, § 412.1).

7. SAME—IN THE COURSE OF EMPLOYMENT.

An injury is received "in the course of" employment, as that term is used in the workmen's compensation act, when it comes while the workman is doing the duty which he is employed to perform (CL 1948, § 412.1).

8. SAME—ARISING OUT OF EMPLOYMENT.

An injury arises "out of" the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.

9. SAME—PROXIMATE CAUSE—FORESEEABILITY.

An injury to an employee, to be compensable under the workmen's compensation act, need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence, be connected with it, and not the result of a risk disassociated therefrom (CL 1948, § 412.1).

Appeal from Workmen's Compensation Commission. Submitted October 6, 1950. (Docket No. 64, Calendar No. 44,381. Decided January 8, 1951.

William Kelly presented his claim for compensation against Dixie Fuel & Supply Company, employer, and Continental Casualty Company, insurer. Award to plaintiff. Defendants appeal. Reversed.

*Marcus, Kelman & Loria,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Richard A. Harvey,* of counsel), for defendants.

North, J. On February 4, 1948, plaintiff's employment with defendant Dixie Fuel & Supply Company was terminated as of the close of plaintiff's work on that day. Thereupon he left the employer's place of business as usual. The next day plaintiff went to the payroll room of the employer to collect wages due him. While waiting there a clerk called to Kelly, who was conversing with some other men. As plaintiff turned around his foot slipped off of a landing at the head of 6 or 7 steps. He fell down the steps and received a personal injury. In proceedings brought for compensation the workmen's compensation commission held that plaintiff's injury arose out of and in the course of his employment, and awarded him compensation. The defendant employer and its insurer have appealed. The controlling question is this: Did plaintiff's accidental injury arise out of and in the course of his employment?

Our recent case of *Tegels v. Kaiser-Frazer Corp., ante,* 84, in its essential aspects might well be held to be controlling of decision in the instant case and result in reversal. In the concluding portion of the *Tegels Case,* Mr. Justice Sharpe, writing for the Court, referring to plaintiff, said: "He was exercis-

ing a privilege common to all members of the union in the selection of a steward. It cannot be said that his injury arose out of and in the course of his employment." Using almost the same words in the instant case it might be said: He, plaintiff, was exercising a privilege common to all his fellow employees, collecting wages due him for services rendered, but "It cannot be said that his injury arose out of and in the course of his employment."

However, for fullness of decision, we note some other adjudications in the light of which we are of the opinion the award of compensation to plaintiff must be vacated.

The mere fact that at the time of his injury plaintiff was on the premises of his former employer is not controlling of his right to compensation. See *Tegels* v. *Kaiser-Frazer Corp., supra; Pilgrim* v. *Menthen,* 327 Mich 714; *Luteran* v. *Ford Motor Co.,* 313 Mich 487.

Plaintiff claims that his return to defendant's premises to collect his pay was an "incident" of his employment and therefore his injury while there arose out of and in the course of his employment. In this connection plaintiff's brief quotes the following:

"Discharge by the employer, and quitting by an employee, are but *incidents* of all employments. A discharged employee is allowed a reasonable time in which to leave the premises of his employer." *Anderson* v. *Hotel Cataract,* 70 SD 376 (17 NW2d 913).

Admittedly there are English decisions which support plaintiff's contention. See *Riley* v. *William Holland & Sons, Ltd.,* 1 (1911) KB 1029 (104 LT Rep 371), and cases therein cited. And there are a few decisions in this country which seem to follow the conclusion reached in the *Riley Case.* See *Par-*

*rott* v. *Industrial Commission of Ohio,* 145 Ohio St 66 (60 NE2d 660). But we think many of the cases upon which plaintiff relies are distinguishable from the instant case either because of the fact that at the time of his injury the employee had not yet left the premises of the employer, or because he had not been discharged from his employment. *Rayner* v. *Sligh Furniture Co.,* 180 Mich 168 (LRA1916A 22, Ann Cas 1916A 386, 4 NCCA 851); *Mitchell* v. *Consolidated Coal Co.,* 195 Iowa 415 (192 NW 145); *Zygmuntowicz* v. *American Steel & Wire Co. of New Jersey,* 240 Mass 421 (134 NE 385); *Anderson* v. *Hotel Cataract, supra;* and *Gardner* v. *Stout,* 342 Mo 1206 (119 SW2d 790), are cases in which the employee at the time of his injury had not left the premises of the employer. *Lowry* v. *Sheffield Coal Co.,* 24 Times LR 142; *Crane Co.* v. *Industrial Commission,* 306 Ill 56 (137 NE 437); *Hackley-Phelps-Bonnell Co.* v. *Industrial Commission of Wisconsin,* 165 Wis 586 (162 NW 921, LRA1918A 277), are cases wherein the employee was injured before employment had been finally terminated. In *Simpson* v. *Lee & Cady,* 294 Mich 460, our holding is embodied in the following headnote:

"Since a precise or comprehensive definition will not well serve to determine the relation between the accident and the employment of the employee for whose injuries or death recovery is sought under the workmen's compensation act, the problem is left to be worked out by the process of exclusion and inclusion in particular cases."

We have held repeatedly that compensation will not be awarded to an employee unless there is established a causal relation between his employment and the injury. *Daniel* v. *Murray Corporation of America,* 326 Mich 1; *Murphy* v. *Flint Board of Education,* 314 Mich 226.

"The right to an award is not alone founded upon the fact that [the employee when injured was acting incidentally to his employment], * * * but upon the fact that the *service* the employee is rendering at the time of the injury grows out of and is incidental to the employment." *California Casualty Indemnity Exchange* v. *Industrial Accident Commission,* 190 Cal 433 (213 P 257); quoted in *Lumbermen's Mutual Casualty Co.* v. *Industrial Accident Commission,* 134 Cal App 131 (25 P2d 222).

As noted by the California court, an employee in going to and from his place of employment is engaged in doing that which is "incidental" to his employment, but we have universally held that an injury sustained by the employee before he reaches his place of employment does not arise out of and in the course of his employment, unless at the time he is performing some service for his employer.

"Broadly defined, it may be taken as authoritatively settled that 'out of and in the course of his employment' covers those accidents which befall an employee while he is discharging some duty he is authorized or directed to perform for the furtherance, directly or indirectly, of his employer's business." *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich 462.

As applied to the instant case it is quite impossible to conclude that plaintiff was performing any service for his employer, or performing any duty in furtherance of his employer's business when, after he had been discharged from his employment on the previous day, he returned to the employer's premises for the sole purpose of collecting his pay. In *Haggar* v. *Tanis* (syllabus), 320 Mich 295, we held:

"An injury is received 'in the course of' employment, as that term is used in the workmen's compensation act, when it comes while the workman is doing the duty which he is employed to perform."

Our holding in *Murphy v. Flint Board of Education, supra,* is indicated by the following headnotes:

"An injury arises 'out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.

\*    \*    \*

"An injury to an employee to be compensable under the workmen's compensation act need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Again, in *Daniel v. Murray Corporation of America* (syllabus), *supra,* we held:

"To arise 'out of' the employment the injury sustained must have a causal connection with the work to be performed; must be one which follows as a natural incident to the employment, be connected with it, and not the result of a risk disassociated therefrom (CL 1948, § 412.1\*)."

In a suit in the Federal courts, the plaintiff, Rose Litzky, sought damages against her former employer on the ground that through the defendant's negligence she was injured while a passenger in an elevator on the premises where the plaintiff's employment had just been terminated by defendant. The defendant urged that plaintiff could not recover in the suit at law because her rights, if any, were controlled exclusively by the Michigan workmen's compensation act. In the circuit court of appeals, as stated in a headnote, it was held:

"Injury to discharged employee in elevator fall held not to 'arise from, out of, and in course of employment,' within workmen's compensation act Mich (PA 1912 [1st Ex Sess], No 10), where such em-

---

\* Stat Ann 1949 Cum Supp § 17.151.—REPORTER.

ployee ate lunch in employees' lunchroom after discharge, before starting to leave building."

In the body of its opinion the court said:

"While the courts of various States have differed as to what accidents may properly be considered as arising out of and in the course of the employment, the [11] Michigan cases cited in the note show continuous adherence to the doctrine that the injury must have proximate causal connection with and be the direct result of the performance by the employee of some duty of the employment. * * * Certainly, after discharge and while not engaged in leaving the premises directly from work, the injury cannot be said to arise from, out of and in the course of the employment." *National Biscuit Co.* v. *Litzky* (CCA), 22 F2d 939.

There being no material controversy in the instant case as to any issue of fact, decision turns solely upon the question of law presented. We conclude as a matter of law that plaintiff's injury did not arise out of and in the course of his employment and therefore he is not entitled to compensation. The award made is reversed and the case remanded to the workmen's compensation commission with direction to enter an order denying compensation. Costs to appellants.

REID, C. J., and BOYLES, BUTZEL, and CARR, JJ., concurred with NORTH, J. DETHMERS, BUSHNELL, and SHARPE, JJ., concurred in the result.