Zimmerman, J.,
dissenting. It is well established that the Workmen’s Compensation Act, in view of its remedial character, is to be construed liberally in favor of an injured workman. Bowling v. Industrial Commission, 145 Ohio St., 23, 60 N. E. (2d), 479; 42 Ohio Jurisprudence, 578, Section 5. And, where, under the evidence, different conclusions may be reached as to whether a workman sustained an injury in the course of and arising out of his employment, a question of fact is presented.
The claimant herein, then aged 38 and in apparent good health, was engaged in operating a motor truck for and in the business of his employer. He was sum *8 marily apprehended by the police on the suspicion that while so driving he ran down and killed a pedestrian. After his apprehension, claimant was subjected to close and protracted questioning by the police and was given a so-called lie-detector test, the result of which, he was informed, was not favorable to him. Because of this extraordinary experience, claimant became worried, excited and hysterical and in a comparatively few days suffered a cerebral hemorrhage with ensuing paralysis. A medical doctor testified there was a “direct causal relationship by way of aggravation,” between claimant’s experiences with the police and his subsequent affliction.
Under the present definition of “injury” contained in Section 1465-68, General Code, the writer believes that a cerebral hemorrhage with its attendant disabilities induced by worry and excitement over an unusual'incident connected with and growing out of an employee’s work constitutes an “injury” within the meaning and intent of the statute. See 58 American Jurisprudence, 757, Section 255. .
Here,' the claimant was apprehended by the police because of a supposed happening which was proximately connected with work he was actually performing for his employer at the time. Upon the evidence, it could reasonably be found that everything that transpired thereafter, as described, was directly traceable to the performance of such work as an incident thereof and as causally related thereto. An injury to be compensable need not necessarily be received while the workman is actually performing duties for his employer ; it is enough if such injury is incidental to the employment. Parrott v. Industrial Commission, 145 Ohio St., 66, 60 N. E. (2d), 660; Sebek v. Cleveland Graphite Bronze Co., 148 Ohio St., 693, 76 N. E. (2d), 892; 42 Ohio Jurisprudence, 640, Section 57.
In the writer’s opinion, the instant case presents questions of fact which could be and were properly re *9 solved in favor of the claimant by both the lower courts, and the writer can find no sufficient reason for disturbing the judgments below. He would, therefore, affirm the judgment of the Court of Appeals.