632 P.2d 1209

### Charlotte R. MARTINEZ, Plaintiff-Appellant,

v.

### Bob STOLLER, d/b/a Union Bus Depot, and Transamerica Insurance Company, Workmen's Compensation Insurance Carrier, Defendants-Appellees.

### No. 5073.

Court of Appeals of New Mexico.

Aug. 13, 1981.

Roberto C. Armijo, Las Vegas, for plaintiff-appellant.

Robert A. Martin, Gallagher, Casados & Martin, Albuquerque, for defendants-appellees.

### OPINION

SUTIN, Judge.

Plaintiff appeals a summary judgment granted defendants in a workmen's compensation case. We reverse.

Plaintiff was employed in defendant's restaurant as a waitress, dishwasher and she cleaned tables. On October 16, 1979, a day off work, plaintiff went to the restaurant to pick up her paycheck. It was defendant's practice to place paychecks in the cash register for employees to pick up. It was customary for plaintiff and other employees to pick up paychecks if payday fell on a day that they did not otherwise work. Upon arrival, one of the waitresses gave plaintiff her check. After receiving her check, plaintiff took about three steps toward the kitchen to pick up a pair of work shoes that needed repair. She fell down and suffered an accidental injury.

■ It has long been the rule that an employee who comes upon the premises on a off day to receive a paycheck, which is a requirement or custom established by the employer, and is injured while on the premises for that purpose, sustains the injury while in the course of employment. *Texas General Indemnity Company v. Luce*, 491 S.W.2d 767 (Tex.Civ.App.1973); *Singleton v. Younger Brothers, Inc.*, 247 So.2d 273 (La.App.1971); *Elmer E. Stockman Jr., Const. Co. v. Industrial Com'n*, 463 S.W.2d 610 (Mo.App.1971); *Parrott v. Industrial Commission of Ohio*, 145 Ohio St. 66, 60 N.E.2d 660 (1945); *Griffin v. Acme Coal Co.*, 161 Pa.Super. 28, 54 A.2d 69 (1947); *Consolidated Engineering Co. v. Feikin*, 188 Md. 420, 52 A.2d 913 (1947); 1A Larson's Workmen's Compensation Law, § 26.30 (1979).

■ At the time plaintiff received her check, she was in the course of her employment. The only remaining question is:

Was plaintiff in the course of her employment after she received her check?

This is an issue of fact for the trial court to determine.

Summary judgment is reversed. Costs of this appeal to be paid by defendants.

IT IS SO ORDERED:

WOOD and LOPEZ, JJ., concur.