SCHAEFER v WILLIAMSTON COMMUNITY SCHOOLS (AFTER REMAND)

Docket No. 80257. Submitted August 14, 1985, at Lansing.—Decided January 29, 1986.

Plaintiff, Robert W. Schaefer, injured his back while working as a bus driver for defendant Williamston Community Schools. Following a hearing, a hearing officer denied plaintiff's claim for workers' compensation benefits on the ground that plaintiff aggravated his back injury by moving personal goods during a move of his residence. The Workers' Compensation Appeal Board reversed the hearing officer's ruling and awarded plaintiff benefits. On appeal by defendants Williamston Community Schools and Michigan Millers Mutual Insurance Company, the Court of Appeals reversed the board's ruling and remanded the case, holding that the board erred in its application of the law to the facts. The Court further instructed the board that, if it found that plaintiff's activity in moving household goods was negligent in light of his knowledge of his condition, plaintiff would not be entitled to compensation. 117 Mich App 26 (1982). On remand, the board found that plaintiff was not negligent and awarded plaintiff benefits. Defendants Williamston Community Schools and Michigan Millers Mutual Insurance Company appealed. *Held:*

1. In reviewing a decision of the board, the Court of Appeals is charged with reviewing questions of law and deciding whether there is any competent evidence in the record to support the findings of fact made by the board. If the board decides a case in a legally improper framework, using improper standards, the Court is required to reverse.

2. The board's finding of fact that plaintiff lifted only light objects is supported by competent evidence on the record.

3. Plaintiff's belief that he could lift a few light items while moving from his residence was reasonable.

4. Plaintiff's weekly benefits must be modified to $43.20, or ⅔

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 10 et seq., 333-337, 344, 547, 549 et seq., 635-637.

See the annotations in the ALR3d/4th Quick Index under Workers' Compensation.

of the $64.80 average per week which the board found that plaintiff was earning prior to his disability. The original weekly benefit of $81 was based on the minimum compensation set forth by statute and the adjustment of minimum rates by the director under the statute. However, minimum rates are not properly subject to adjustments by the director.

Affirmed, but remanded for a modification of benefits.

1. Workers' Compensation — Findings of Fact — Constitutional Law.

    The Court of Appeals, in reviewing decisions by the Workers' Compensation Appeal Board, is charged with reviewing questions of law and deciding if there is competent evidence in the record to support the board's findings of fact; reversal is required where the board decides a case in a legally improper framework, using improper standards (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. Workers' Compensation — Independent Intervening Causes — Conduct by Claimant.

    The proper standard to be used in determining what type of conduct by a workers' compensation claimant defeats his right to compensation by acting as an independent intervening cause of a subsequent injury or aggravation of a primary injury is whether the claimant's conduct was negligent in light of his knowledge of his condition; a claimant is not entitled to compensation for a subsequent injury or aggravation of the primary injury where the claimant engaged in an activity in which common sense would have dictated that, in his condition, he refrain from such exposure.

*Joseph K. Cox,* for plaintiff.

*Anderson, Green, Vincent & Ingram, P.C.* (by *Richard J. Anderson),* for defendants.

### AFTER REMAND

Before: Danhof, C.J., and V. J. Brennan and J. H. Gillis, Jr.,* JJ.

Per Curiam. Defendants Williamston Commu-

* Circuit judge, sitting on the Court of Appeals by assignment.

nity Schools and Michigan Millers Mutual Insurance Company appeal by leave granted from an August 8, 1984, order of the Workers' Compensation Appeal Board, awarding plaintiff disability benefits for a disabling back injury.

This case is before this Court a second time after a remand to the Workers' Compensation Appeal Board for a determination of whether plaintiff's nonwork-related aggravation of his work-related injuries "was negligent in light of his knowledge of his condition". See *Schaefer v Williamston Community Schools,* 117 Mich App 26, 37; 323 NW2d 577 (1982).

On February 5, 1976, plaintiff injured his back while working as a bus driver for defendant Williamston Community Schools. He received workers' compensation benefits until he returned to work on March 1, 1976. Plaintiff worked for the remainder of the 1975-1976 school year and also worked the entire 1976-1977 school year. Plaintiff testified that he suffered constant back pain after the February, 1976, accident. Plaintiff passed routine physical examinations in September of 1976 and in August of 1977. He did not complain of any back problems to the examining physician at these examinations. In August of 1977, plaintiff moved from his residence. Plaintiff testified that he lifted only light objects, but admitted that it was "something I shouldn't have done". Following the summer recess, plaintiff returned to work on September 3, 1977. Plaintiff's last day of work was September 5, 1977, when he notified his superiors that he was unable to return to work because of intense back pain.

Plaintiff was examined by Dr. McCorvie on September 15, 1977, at which time plaintiff complained about his back. According to McCorvie,

plaintiff told him that he had moved into a new house and "had been carrying some heavy boxes and doing a lot of lifting making this move and he injured his back". McCorvie testified that plaintiff was not specific about what he had lifted. McCorvie stated that x-rays which plaintiff brought with him taken after plaintiff's February, 1976, accident indicated a severe slippage of the fifth lumbar vertebra on the first sacral segment. McCorvie was of the opinion that the x-rays indicated a very weak spot in plaintiff's back and that plaintiff's back probably could not take the lifting of boxes.

Following a hearing, a hearing officer denied plaintiff's claim for benefits because plaintiff aggravated his back injury by moving personal goods. A divided panel of the Workers' Compensation Appeal Board reversed the hearing officer's ruling because plaintiff's work-related injury "did contribute" to his disability.

On appeal, this Court reversed the board, holding that the board had applied an incorrect legal standard. *Schaefer v Williamston Schools, supra.* The board was instructed that, if it were found that "plaintiff's activity in moving household goods was negligent in light of his knowledge of his condition", he was "not entitled to compensation". 117 Mich App 37.

On remand, additional deposition testimony was submitted. Plaintiff testified that he did not move anything heavy. He testified that he would pick up something light if it was necessary. Plaintiff testified that he did not know specifically what was wrong with his back; he adjusted his behavior according to what his back permitted him to do. Larry Colpaert testified that he moved plaintiff's possessions to the new home. He further testified that he did not see plaintiff lift anything.

The board found that "[p]icking up light-weight objects during his move was not unreasonable or rash behavior under the circumstances and in light of plaintiff's knowledge about things he had been able to do theretofore". The board noted that McCorvie conceded that plaintiff "didn't particularly tell me what it really was, but it caused his back to become very painful". The board found that McCorvie had assumed that plaintiff was lifting something heavy.

Defendants first claim that the board erred in finding that plaintiff's activity was not negligent in light of his knowledge of his condition. In reviewing a decision of the board, this Court is charged with reviewing questions of law and deciding whether there is any competent evidence in the record to support the findings of fact made by the board. Const 1963, art 6, § 28, and MCL 418.861; MSA 17.237(861). If the board decides a case in a legally improper framework, using improper standards, we are required to reverse. *Schaefer v Williamston Schools, supra,* p 30; *Galac v Chrysler Corp,* 63 Mich App 414; 235 NW2d 359 (1975).

To the extent that defendants argue that the record supports a finding that plaintiff lifted heavy objects while moving, the board's finding of fact that plaintiff lifted only light objects is supported by competent evidence on the record. We are bound by that determination.

However, defendants' claim that the board erred in awarding plaintiff disability benefits is not limited to their claim that the board made an incorrect factual finding. Defendants claim that the board applied an incorrect legal standard to the facts of this case. Specifically, defendants claim that the instant case is indistinguishable from *Adkins v Rives Plating Corp,* 338 Mich 265; 61 NW2d (1953), cited in *Schaefer v Williamston*

*Schools, supra,* as setting forth the proper standard. for determining when an employee's non-work-related conduct constitutes an independent, intervening cause of a subsequent injury or aggravation resulting in disability. We disagree.

In *Adkins* the plaintiff had broken his radius while at work on December 16, 1950. He received compensation for total disability until May 31, 1951, when he returned to work at lighter duties. On September 9, 1951, the plaintiff refractured his radius when he fell from a bicycle which he was riding on a Sunday afternoon. An expert medical witness testified that at the time of the accident the original fracture had not healed and that the accident resulted in a new fracture through the unhealed old fracture. The Court reversed a compensation award based on the disability resulting from the refracture. The Court reasoned as follows:

"The original injury * * * cannot be said to be the proximate cause of the disability resulting from the second injury. The proximate cause of the second injury was the riding of a bicycle by Adkins which exposed him to the hazards entailed thereby. He certainly was not engaged in his master's employ on the Sunday in question * * *. There was nothing in the nature of Adkins' employment which required him to expose himself to such a hazard, and common sense would have dictated that, in his condition, he refrain from such exposure." 338 Mich pp 270-271.

Unlike the plaintiff in *Adkins,* plaintiff here, as found by the board, had no reason to know the hazard to which he was exposing himself by picking up light objects. Plaintiff testified he did not know what was wrong with his back; he adjusted his behavior according to what his back permitted him to do. As noted by the board, plaintiff had

continued to drive a school bus from the date of his injury, February 5, 1976, through the end of that school year and during the following 1976-1977 school year. Further, he occasionally threw hay for his cows and had snowmobiled during this period. Under these circumstances, we do not believe that it was unreasonable for him to believe that he could lift a few light items while moving.

Defendants place substantial reliance on plaintiff's testimony that: "I couldn't pick up any heavy things, I picked up anything that I felt was light * * * which is * * * something I shouldn't have done." We do not believe this was an admission. Instead, we agree with the board that this statement, in context, represents only hindsight on the part of plaintiff that he should not have lifted even light objects, and does not represent his state of mind on the date of lifting. As found by the board, plaintiff's reasonable belief the day he moved was that he should not lift anything heavy. According to the board's findings of fact, this he did not do.

Defendants next claim that the board's original order, not modified by the board on remand, which set benefits at $81 per week must be modified to $43.20 per week, or ⅔ of the $64.80 average per week which the board found that plaintiff was earning prior to his disability. We agree.[1] Plaintiff conceded at oral argument that $43.20 was the

[1] The $81 award was based on the minimum compensation set forth in MCL 418.351; MSA 17.237(351) and the adjustment of minimum rates by the director pursuant to MCL 418.355; MSA 17.237(355). Minimum rates are not properly subject to § 355 adjustments. *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), *reh gtd* 414 Mich 1102 (1982), *appeal dis by stipulation* March 15, 1983. We acknowledge that one panel of this Court has recently held that *Gusler* is not binding precedent. See *Riley v Northland Geriatric Center,* 140 Mich App 72; 362 NW2d 894 (1985). To the extent that *Gusler* is not binding precedent, we are persuaded by its reasoning. But see *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973).

proper benefit amount. The board's order shall be modified accordingly.

Affirmed, but remanded for a modification of benefits.