DUNLAP v CLINTON VALLEY CENTER

DUNLAP v DEPARTMENT OF MENTAL HEALTH

Docket Nos. 98767, 101944. Submitted April 12, 1988, at Lansing. Decided June 8, 1988. Leave to appeal applied for.

Mary L. Dunlap, an employee of the Clinton Valley Center, a psychiatric hospital, was injured when, while at work to pick up her paycheck, she slipped and fell. She filed a claim with the Bureau of Workers' Disability Compensation. The Workers' Compensation Appeal Board reversed the decision of the hearing referee and held that her injury did not arise out of and in the course of her employment. She appealed. Mary Dunlap and her husband, Ernest Dunlap, also brought an action against the Department of Mental Health and the Clinton Valley Center in the Court of Claims. The Court of Claims, Carolyn Stell, J., held that the claim was barred by the statute of limitations. Plaintiffs appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. A worker's injury occurs in the course of employment where it occurs at the place of employment and the employee is there to pick up his paycheck. The appeal board erred in its ruling as a matter of law.

2. An action before an administrative agency does not toll the state statute of limitations with respect to the bringing of an action in the courts of the state. The Court of Claims properly held the action to have been barred by the statute of limitations.

Affirmed in part and reversed in part.

1. WORKERS' COMPENSATION — FINDINGS OF FACT — APPEAL.

The Court of Appeals, in reviewing decisions by the Workers' Compensation Appeal Board, is charged with reviewing questions of law and deciding if there is competent evidence in the record to support the board's findings of fact.

REFERENCES

Am Jur 2d, Adminstrative Law §§ 539 *et seq.*
Am Jur 2d, Workmen's Compensation §§ 245 *et seq.,* 549 *et seq.*
See the Index to Annotations under Workers' Compensation.

2. WORKERS' COMPENSATION — COURSE OF EMPLOYMENT.

    A worker's injury occurs in the course of employment where it occurs at the place of employment and the employee is there to pick up his paycheck.

3. LIMITATION OF ACTIONS — TOLLING — ADMINISTRATIVE ACTIONS.

    An action before an administrative agency does not toll the state statute of limitations with respect to the bringing of an action in the courts of the state (MCL 600.5856[2]; MSA 27A.5856[2]).

*O'Connell, Roeser & Brennan* (by *Patrick J. Brennan*), for plaintiffs Mary and Ernest Dunlap.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Irene M. Mead,* Assistant Attorneys General, for defendants Department of Mental Health and Clinton Valley Center.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *James A. Sullivan*), for defendants Clinton Valley Center and the State Accident Fund.

Before: BEASLEY, P.J., and H. HOOD and R. L. TAHVONEN,* JJ.

PER CURIAM. In this consolidated appeal, plaintiffs appeal from two orders. The first is the order of the Workers' Compensation Appeal Board reversing the decision of the referee granting workers' compensation benefits to plaintiff Mary L. Dunlap. The WCAB reversed on the grounds that plaintiff's injury did not arise out of and in the course of her employment. The second is the order of the Court of Claims which held that plaintiffs' action was barred by the statute of limitations. We reverse the first order and affirm the second.

The facts are undisputed. In December, 1980,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff Mary L. Dunlap was a food service worker at Clinton Valley Center, a psychiatric hospital. Plaintiff worked on December 13, then had December 14, 15, and 16 off. Although scheduled to work on December 17 and 18, plaintiff took those days off to be with her daughter, who was hospitalized. Because December 18 was a payday, plaintiff stopped at the center to pick up her paycheck. She slipped and fell in a puddle of water in the dining room and was injured. On February 2, 1982, a referee awarded her workers' compensation benefits, but the decision was reversed by the WCAB on February 6, 1987. The WCAB held that plaintiff's injury did not arise out of and in the course of her employment. Plaintiff appeals from this order.

In reviewing a decision of the WCAB, this Court is charged with reviewing questions of law and deciding whether there is any competent evidence in the record to support the findings of fact made by the WCAB. *Schaefer v Williamston Community Schools (After Remand),* 150 Mich App 186, 190; 387 NW2d 856 (1986). We believe the decision of the WCAB in the instant case was contrary to law. The WCAB relied on *Kelly v Dixie Fuel & Supply Co,* 329 Mich 466; 45 NW2d 356 (1951). In *Kelly,* the Court held that the plaintiff was not entitled to workers' compensation benefits where he was injured when he came to pick up his check the day after he was discharged. *Kelly, supra,* pp 471-473. However, the Court placed much emphasis on the fact the plaintiff had been discharged. The Court stated:

> But we think many of the cases upon which plaintiff relies are distinguishable from the instant case either because of the fact that at the time of his injury the employee had not yet left the premises of the employer, *or because he had not been*

*discharged from his employment.* [*Kelly, supra,* p 470. Emphasis added.]

Many states allow benefits where the claimant was injured while coming to his place of employment to pick up his check. See *Martinez v Stoller,* 96 NM 571, 632 P2d 1209 (1981); *Texas General Indemnity Co v Luce,* 491 SW2d 767 (Tex Civ App, 1973); *Singleton v Younger Brothers, Inc,* 247 So 2d 273 (La App, 1971); *Elmer E Stockman, Jr Construction Co v Industrial Comm,* 463 SW2d 610 (Mo App, 1971); *Parrott v Industrial Comm of Ohio,* 145 Ohio St 66, 60 NE2d 660 (1945); *Griffin v Acme Coal Co,* 161 Pa Super 28; 54 A2d 69 (1947); *Consolidated Engineering Co v Feikin,* 188 Md 420; 52 A2d 913 (1947); *Crane Co v Industrial Comm,* 306 Ill 56; 137 NE 437 (1922). Accord: 1A Larson, Workmen's Compensation Law, § 26.30, pp 5-301 *et seq.* We agree with these cases which hold that the plaintiff's injury arises out of the course of his employment when he is at his place of employment to pick up his check and is injured. Receiving remuneration for one's work is a part of one's duties for his employer. The WCAB also relied on *MacDonald v Michigan Bell Telephone Co,* 132 Mich App 688; 348 NW2d 12 (1984), lv den 419 Mich 912 (1984). In *MacDonald,* the plaintiff left work and dropped her keys in the parking lot. Thinking that she had retrieved them all, she drove off to a store two miles away to do some shopping. However, she discovered she was missing one key, so she drove back to her place of employment to look for it. She slipped and fell. We reversed the WCAB, which had found that the plaintiff's injury arouse out of the course of her employment. *MacDonald, supra,* p 692. *MacDonald* is distinguishable from the instant case as, in the instant case, plaintiff was on the premises to pick

up her paycheck, which her employer was legally required to give her under MCL 408.472; MSA 17.277(2). The plaintiff in *MacDonald* had left work to go shopping and returned to her employer's premises to look for her car's trunk key, which had nothing to do with her employment. Thus, we find that the ẅCAB erred in reversing the referee's award of benefits to plaintiff.

In the consolidated case, plaintiffs, Mary L. Dunlap and her husband, appeal as of right from the Court of Claims' dismissal of plaintiffs' action on the ground that it was barred by the three-year statute of limitations, MCL 600.5805(1), (8); MSA 27A.5805(1), (8). Following the WCAB's reversal of the referee's decision, plaintiffs filed suit against defendant in the Court of Claims, on February 23, 1987, claiming negligence under the public building defect exception to governmental immunity. Plaintiffs alleged that, since the WCAB held that plaintiff's injury did not arise out of her employment, the WCAB no longer had exclusive jurisdiction and, thus, the Court of Claims had jurisdiction over the action. The court granted defendants' motion for summary disposition on the ground that the three-year statute of limitations, MCL 600.5805; MSA 27A.5805, barred the suit.

On appeal, plaintiffs claim that the statute of limitations was tolled under MCL 600.5856(2); MSA 27A.5856(2) while the workers' compensation action was pending. This statute states:

The statutes of limitations are tolled when

\* \* \*

(2) jurisdiction over the defendant is otherwise acquired.

Plaintiffs claim that jurisdiction was acquired

over defendant in the compensation proceeding and therefore, under subsection (2), the statute of limitations was tolled. However, both the Michigan Supreme Court and this Court have clearly held that an administrative proceeding does not toll the statute of limitations under this subsection. *Mair v Consumers Power Co,* 419 Mich 74, 82-83; 348 NW2d 256 (1984); *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120, 133-134; 339 NW2d 713 (1983). Contrary to plaintiffs' assertion, *Mair* and *Badger* are not distinguishable and are instead directly on point with the instant case. Plaintiffs could have protected themselves by filing suit within the period of limitations while the workers' compensation proceeding was pending. Having failed to do so, plaintiffs are barred by the three-year statute of limitations.

Affirmed in part and reversed in part.